UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CHRIS COBB,<br><br>    Plaintiff,<br><br>v.<br><br>FNU[1] RAMBUS,<br><br>    Defendant. | Case No. 24-11217<br>Honorable Laurie J. Michelson |

**OPINION AND ORDER DISMISSING COMPLAINT [1]**

Chris Cobb is currently incarcerated at the Saginaw Correctional Facility. In May 2024, he filed a *pro se* complaint in the Western District of Michigan that was then transferred to this District. (*See* ECF Nos. 1, 3.) He sues one individual: "Ms. Rambus," a "V.P.P.[2] Group Counseling Teacher" at Saginaw. (ECF No. 1, PageID.2.) According to Cobb, Rambus is discussing his "very sensitive" case with students in her class and "put[t]ing [him] in danger deliberately." (*Id.* at PageID.3.) He asks "to be moved away from [Rambus]" and asserts that "she needs to be terminated." (*Id.* at PageID.4.)

But Cobb's complaint fails to state a claim upon which relief may be granted. Thus, following the Court's preliminary screening, it will be summarily dismissed.

---

[1] First name unknown

[2] Cobb also refers to Rambus as "VPP-HI." (ECF No. 1, PageID.1–2.) Although Cobb does not define these acronyms, he may be referring to a high-intensity Violence Prevention Program offered by MDOC. *See, e.g.*, *Treatment Programs*, Pa. Dep't of Corrs., https://perma.cc/Y7LT-BHLR.

## I.

The Court has granted Cobb leave to proceed without prepayment of the filing fee for this action. (ECF No. 8.) When a Court grants an application under 28 U.S.C. § 1915, it has an additional responsibility: screen the complaint and decide whether it "is frivolous or malicious" or "fails to state a claim on which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(B); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

In deciding whether a complaint states a claim upon which relief may be granted, the Court must determine whether it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Detailed factual allegations are not required, *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 614 (6th Cir. 2012), but the complaint must "raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

And although a *pro se* litigant's complaint is to be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), that leniency is "not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). The "basic pleading requirements 'apply to self-represented and counseled plaintiffs alike.'" *Williams v. Hall*, No. 21-5540, 2022 WL 2966395, at *2 (6th Cir. July 27, 2022) (quoting *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019)). A complaint must "permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. And while

2

the Court must assume a plaintiff's factual allegations are true, it is not required to accept as true allegations that are "clearly irrational or wholly incredible." *Ruiz v. Hofbauer*, 325 F. App'x 427, 430 (6th Cir. 2009) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Nor may the Court "conjure up unpleaded facts to support conclusory allegations." *Williams*, 2022 WL 2966395, at *2 (quoting *Perry v. UPS*, 90 F. App'x 860, 861 (6th Cir. 2004)).

## II.

To state a civil rights claim under 42 U.S.C. § 1983, Cobb must allege a violation of a federal statutory or constitutional right. *See, e.g.*, *Ohio ex rel. Faulker v. City of Middletown*, 688 F. App'x 377, 380 (6th Cir. 2017) ("[R]elief under § 1983 is only available for violations of *federal* law." (citation omitted)); *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

So Cobb's claim that Rambus' conduct "is against all laws of the M.D.O.C." (the Michigan Department of Corrections) must be dismissed. (ECF No. 1, PageID.3.) "[C]laims related to violations of prison policies do not state a constitutional violation." *Hursey v. Anderson*, No. 16-1146, 2017 WL 3528206, at *2 (6th Cir. Mar. 31, 2017) (citation omitted); *see Grinter v. Knight*, 532 F.3d 567, 574 (6th Cir. 2008) ("Failing to follow proper procedures is insufficient to establish an infringement of a liberty interest." (citing *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983))); *see also Jones v. Deangelo*, No. 23-12509, 2023 WL 9004916, at *7 (E.D. Mich. Dec. 28, 2023)

("Section 1983 provides a remedy for violations of federal law, not prison policy or state law.").

Cobb further asserts that Rambus is "deliberately" endangering him by discussing his "very sensitive" criminal sexual conduct ("CSC") conviction with other inmates and that "no one at S[aginaw] seems to care at all." (ECF No. 1, PageID.3.) Liberally construed, Cobb asserts an Eighth Amendment failure-to-protect claim. "Without question, prison officials have an affirmative duty to protect inmates from violence perpetrated by other prisoners." *Wilson v. Yaklich*, 148 F.3d 596, 600 (6th Cir. 1998). A prison official violates that duty when she is deliberately indifferent to "a substantial risk of serious harm" facing the plaintiff. *Bishop v. Hackel*, 636 F.3d 757, 766 (6th Cir. 2011) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)); *see Walker v. Norris*, 917 F.2d 1449, 1453 (6th Cir. 1990). But even if Cobb can show Rambus' deliberate indifference, he fails to plausibly allege substantial risk of serious harm.

"Identifying an inmate as a pedophile, a child molester, an informant, or a 'snitch' may constitute deliberate indifference to the safety of the inmate." *Cox v. Ross*, No. 24-11506, 2024 WL 3071056, at *2 (E.D. Mich. June 20, 2024) (collecting cases); *see Spotts v. Hock*, No. 10-353, 2011 WL 676942, at *2 (E.D. Ky. Feb. 16, 2011) ("If an inmate is believed to be a 'snitch' by other inmates, he or she faces a substantial risk of assault by other inmates." (citing *Comstock v. McCrary*, 273 F.3d 693, 699 n.2 (6th Cir. 2001))). Even assuming it can likewise constitute deliberate indifference for a prison official to make known a plaintiff's CSC conviction, the plaintiff cannot state

4

a failure-to-protect claim without also showing that the official's remarks led him to "reasonably fear" for his personal safety. *See Brown v. Woods*, No. 14-136, 2014 WL 6472995, at *10 (W.D. Mich. Nov. 18, 2014) (dismissing plaintiff's claim that prison official "put him in danger by referring to [his] CSC convictions in the housing unit where other prisoners could hear him" not for failure to show deliberate indifference but for failure to allege a threat, attack, or risk of harm); *Thompson v. County of Medina*, 29 F.3d 238, 242 (6th Cir. 1994) ("[W]hile a prisoner does not need to demonstrate that he has been the victim of an actual attack to bring a personal safety claim, he must establish that he reasonably feared such an attack."); *see also White v. Trayser*, No. 10-11397, 2011 WL 1135552, at *5 (E.D. Mich. Mar. 25, 2011) ("[T]o state a claim for deliberate indifference under the Eighth Amendment in the Sixth Circuit, there must be some resulting harm stemming from being labeled a snitch.").

Cobb fails to show that he reasonably fears an attack or has ever been in any danger based on Rambus' alleged comments. *See Wilson*, 148 F.3d at 601 ("[T]he plaintiff must allege that he has suffered or is threatened with suffering actual harm as a result of the defendants' acts or omissions before he can make any claim with an arguable basis in Eighth Amendment jurisprudence."); *Cox*, 2024 WL 3071056, at *3 ("At a minimum, a plaintiff must allege facts to show that he or she reasonably fears physical violence due to the defendant's conduct." (citing *County of Medina*, 29 F.3d at 242–43)); *see also Thompson v. Mich. Dep't of Corr.*, 25 F. App'x 357, 359 (6th Cir. 2002) (affirming dismissal where plaintiff's claim that he was endangered by being labeled a snitch "was unsupported by any allegation of resultant harm"). He asserts

only that Rambus "is not supposed to be discussing [his] case with anyone in her class yet she is and that in itself puts [him] in, or can put [him] in, danger as a whole." (ECF No. 1, PageID.3 (cleaned up).) This bare and conclusory, and somewhat speculative, assertion is not enough.

In the absence of allegations of either harm or threats of harm due to Rambus' remarks, Cobb fails to state an Eighth Amendment claim. *See Benion v. Lindsey K.*, No. 18-13746, 2019 WL 108841, at *2 (E.D. Mich. Jan. 3, 2019) ("Here, plaintiff alleges that he fears for his safety, but he does not allege any facts to establish whether that fear is reasonable or from which the Court might infer a particular danger."); *Clark v. Adams*, No. 22-104, 2022 WL 2301952, at *10 (W.D. Mich. June 27, 2022) ("Plaintiff's allegations are simply too speculative for the Court to conclude that he has set forth plausible Eighth Amendment failure to protect claims. Accordingly, such claims will be dismissed.").

## III.

For the reasons set forth above, the Court DISMISSES Cobb's complaint (ECF No. 1). A separate judgment will follow.

SO ORDERED.

Dated: October 21, 2024

                                                 s/Laurie J. Michelson
                                                 LAURIE J. MICHELSON
                                                 UNITED STATES DISTRICT JUDGE